E-FILED
Friday, 24 April, 2009   04:13:20 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| GEORGIA LILLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| NATIONAL ACTION FINANCIAL SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GEORGIA LILLARD ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC., alleges and affirmatively states as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorney, brings this action to challenge the actions of NATIONAL ACTION FINANCIAL SERVICES, INC. (hereinafter "Defendant") with regard to

attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Danville, County of Vermilion, State of Illinois and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company with a business office in the City of Williamsville, County of Erie, State of New York.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant has constantly and continuously placed collection calls to Plaintiff's home phone at (217) 446-5276 seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiff from the following telephone numbers: 800-697-4901.

13. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

14. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

15. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay the alleged debt.

16. Defendant threatened to put a lien on Plaintiff's property if Plaintiff did not pay the alleged debt.

17. Defendant has yet to file a lawsuit against Plaintiff.

18. Defendant has yet to put a lien on Plaintiff's property.

19. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

21. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

   a. Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

b. Defendant Violated *§1692(d)(2)* of the FDCPA by using language the natural consequence of which is to abuse the Plaintiff.

c. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

e. Defendant violated *§1692e(4)* of the FDCPA by falsely representing that Plaintiff's non-payment of her alleged debt would result in a lien being placed on Defendant's property.

f. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing that that Plaintiff's non-payment of her alleged debt would result in a lien being placed on Defendant's property.

h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

i. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

j. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

22. As a consequence of Defendant's foregoing actions, Plaintiffs has suffered from emotional distress (See Exhibit "A").

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

23. Declaratory judgment that the Defendant's conduct violated the FDCPA.

24. Actual damages.

25. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

27. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

BY: /sAdam J. Krohn
Adam J. Krohn
Attorney for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street, 10th Floor
Chicago, IL  60602
(312) 578-9428

## **DEMAND FOR JURY TRIAL**

     PLEASE TAKE NOTICE that Plaintiff, GEORGIA LILLARD, hereby demands trial by jury in this action.

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ILLINOIS

    Plaintiff, GEORGIA LILLARD, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, GEORGIA LILLARD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/17/09

_____
GEORGIA LILLARD,
Plaintiff

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — **YES** NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job  *not working* — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: *Had to go to the Drs for Depression and anxiety. The Drs. put me on some medication for this. I have never had this before, and this is all because of Defendant debt collection activities calling my home every day and night leaving threatening messages on my voicemail sometimes. I can not pay this.*

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/17/2009

Signed Name: *Georgia L Lillard*

Printed Name: Georgia L. Lillard

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ❐ 1  U.S. Government Plaintiff
- ❐ 2  U.S. Government Defendant
- ❐ 3  Federal Question (U.S. Government Not a Party)
- ❐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 362 Personal Injury - Med. Malpractice | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal 28 USC 157 | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | ❐ 365 Personal Injury - Product Liability | ❐ 625 Drug Related Seizure of Property 21 USC 881 | | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | ❐ 368 Asbestos Personal Injury Product Liability | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 460 Deportation |
| ❐ 151 Medicare Act | ❐ 340 Marine | ❐ 370 Other Fraud | ❐ 650 Airline Regs. | ❐ 830 Patent | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❐ 345 Marine Product Liability | ❐ 371 Truth in Lending | ❐ 660 Occupational Safety/Health | ❐ 840 Trademark | ❐ 480 Consumer Credit |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 380 Other Personal Property Damage | ❐ 690 Other | | ❐ 490 Cable/Sat TV |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability | ❐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ❐ 810 Selective Service |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury | | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 850 Securities/Commodities/Exchange |
| ❐ 195 Contract Product Liability | | | ❐ 720 Labor/Mgmt. Relations | ❐ 862 Black Lung (923) | ❐ 875 Customer Challenge 12 USC 3410 |
| ❐ 196 Franchise | | | ❐ 730 Labor/Mgmt.Reporting & Disclosure Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| ❐ 210 Land Condemnation | ❐ 441 Voting | ❐ 510 Motions to Vacate Sentence | ❐ 740 Railway Labor Act | ❐ 865 RSI (405(g)) | ❐ 892 Economic Stabilization Act |
| ❐ 220 Foreclosure | ❐ 442 Employment | **Habeas Corpus:** | ❐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❐ 893 Environmental Matters |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/Accommodations | ❐ 530 General | ❐ 791 Empl. Ret. Inc. Security Act | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 894 Energy Allocation Act |
| ❐ 240 Torts to Land | ❐ 444 Welfare | ❐ 535 Death Penalty | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 895 Freedom of Information Act |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 540 Mandamus & Other | **IMMIGRATION** | | ❐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other | ❐ 550 Civil Rights | ❐ 462 Naturalization Application | | ❐ 950 Constitutionality of State Statutes |
| | ❐ 440 Other Civil Rights | ❐ 555 Prison Condition | ❐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ❐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ❐ 1  Original Proceeding
- ❐ 2  Removed from State Court
- ❐ 3  Remanded from Appellate Court
- ❐ 4  Reinstated or Reopened
- ❐ 5  Transferred from another district (specify)
- ❐ 6  Multidistrict Litigation
- ❐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❐ Yes   ❐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.